UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:15-CR-33-TAV-JEM-1 |
| RONALD KENT MABRY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines Manual [Doc. 159]. The Federal Defender Services of Eastern Tennessee has filed a notice of no intention to supplement the pro se motion [Doc. 160], and the government has responded in opposition [Doc. 161].

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced

to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). However, the commentary to § 1B1.10, that is, the policy statement issued by the Sentencing Commission, states that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S. Sent'g Guidelines § 1B1.10, comment. n.8(A) (2024); *see also United States v. Ballenger*, No. 2:12-cr-103, 2024 WL 2835912, at *1 (E.D. Tenn. June 3, 2024) (denying a motion under Amendment 821 because the defendant was serving a term of imprisonment based on a revocation of supervised release).

Here, defendant was sentenced to 90 months' imprisonment on August 2, 2016, after he pled guilty to conspiracy to distribute and possess with intent to distribute oxycodone and conspiracy to commit money laundering [Doc. 98]. He was released from imprisonment and began serving a three-year term of supervised release on July 31, 2020 [Doc. 132, p. 1].

In January 2023, the United States Probation Office ("USPO") filed a petition alleging that defendant had violated the conditions of supervised release [*Id.*]. On May 4, 2023, the Court entered an agreed order of revocation, in which the parties agreed that

defendant's supervised release would be revoked, and he would serve a term of 5 months' imprisonment followed by 24 months of supervised release [Doc. 140].

On August 9, 2023, defendant began serving that 24-month term of supervised release [Doc. 141, p. 1]. However, on March 26, 2024, the USPO again filed a petition alleging that defendant had violated the conditions of supervised release [*Id.*]. On April 25, 2024, the Court entered an agreed order of revocation, in which the parties agreed that defendant's supervised release would be revoked, and he would serve a term of 6 months' imprisonment followed by 24 months of supervised release [Doc. 149].

Defendant was released from this term of imprisonment and began serving the new 24-month supervised release term on September 13, 2024 [Doc. 150, p. 1]. Less than a month later, on October 3, 2024, the USPO filed a third petition alleging defendant had, once again, violated the conditions of his supervised release [*Id.*]. On November 21, 2024, the Court entered an agreed order of revocation, in which the parties agreed that defendant's supervised release would be revoked, and he would serve a term of 13 months' imprisonment followed by no further term of supervised release [Doc. 157]. It is this term that defendant is now serving, with a projected release date of September 29, 2025. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed June 5, 2025).

Because defendant is currently serving a term of imprisonment based on a revocation his term of supervised release, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). *See* U.S. Sent'g Guidelines § 1B1.10, comment. n.8(A);

3

*Ballenger*, 2024 WL 2835912, at *1.  For this reason,[1] defendant's motion [Doc. 159] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, even if defendant were otherwise eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821, the Court would find that the factors set forth in 18 U.S.C. § 3553(a) do not support a sentence reduction in this case.  *See United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010) (noting that the decision to grant an authorized sentence reduction is discretionary, and, in determining whether to grant such, the district court must consider the § 3553(a) factors to the extent that they are applicable and the impact on public safety).